UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRIS SURREY,

              Plaintiff,

v.

FIDELITY INVESTMENTS, et al.,

              Defendants.

25-cv-3263 (PKC)

ORDER

---

CASTEL, United States District Judge.

        This action was removed by defendants from state court invoking the Court's jurisdiction based upon diversity of citizenship. Thereafter, plaintiff amended the complaint as of right. (ECF 11.) Defendants JP Morgan Chase and Citibank filed a pre-motion letter laying out the basis for a motion to dismiss. (ECF 16.) Plaintiff responded in a six-page letter, standing on its existing pleading. (ECF 17.) The Court set a schedule on the motion giving plaintiff a full month to respond and setting a deadline on motions to amend of 21 days after the filing of the motion to dismiss. (ECF 18.)

        Defendants JP Morgan Chase and Citibank filed their joint motion to dismiss on August 29, 2025. Plaintiff neither responded to the motion by the October 1, the date set in the scheduling order, nor sought an extension of that date. Plaintiff did not seek to amend by the date for motions to amend. As of this date, the motion to dismiss remains unopposed.

        The Court has reviewed the unopposed motion to dismiss and reviewed plaintiff's Amended Complaint and its response to the premotion letter. It finds the moving defendants' motion to be well founded.

The only claims alleged against the two moving defendants are causes of action in negligence. Plaintiff allegedly deposited a check drawn on Wells Fargo Bank into his JP Morgan Chase account that was returned by Wells Fargo Bank unpaid. JP Morgan Chase issued a fraud alert to Citibank that caused a 90-day freeze on plaintiff's accounts. The negligence claim against JP Morgan Chase alleges that it owed "a duty of care to investigate the circumstances surrounding the returned check before issuing a fraud alert" and the claim against Citibank alleges that it owed "a duty of care to investigate the fraud alert issued by Defendant JP Morgan Chase before freezing Plaintiff's accounts."

Under New York law,[1] absent circumstances not present here, a bank does not have an extracontractual duty to its depositors. See, e.g., Hartsko Financial Services, LLC v. JPMorgan Chase Bank, N.A., 125 A.D.3d 448, 448 (1st Dep't 2015) (negligence claim "was correctly dismissed because defendant had no duty to plaintiff independent of the contract formed when the account was opened."); Century Business Credit Corp. v. North Fork Bank, 246 A.D.2d 395, 396 (1st Dep't 1998) (dismissing negligence claim asserting that bank had a duty to monitor depositor's activities on behalf of creditors on the basis that such liability would "unreasonably expand banks' orbit of duty."); Calisch Associates, Inc. v. Manufacturers Hanover Trust Co., 151 A.D.2d 446, 447 (1st Dep't 1989) (dismissing negligence claim asserting that bank failed to detect fraudulent checks because bank's duties were governed by contract). Plaintiff has no basis to claim that the conduct alleged falls outside the scope of the contract or the banks assumed duties independent of the contract because plaintiff has not alleged or referenced the terms of the contract.[2]

---

[1] In its premotion response letter, plaintiff cites to New York law as controlling. (ECF 17 at 3.)
[2] The deposit account agreements for both banks were furnished to the plaintiff as exhibits to the premotion letter filed on July 11, 2025. (ECF 16.)

The motion to dismiss (ECF 19) is GRANTED and defendants JP Morgan Chase and Citibank are dismissed with prejudice.[3]

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 16, 2025

---

[3] As this Order was in preparation for filing, plaintiff wrote to the Court consenting to the dismissal with prejudice of JP Morgan Chase and Citibank. (ECF 23.)